**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111492

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kewal Malhotra, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Kohl's Corporation and Mercantile Adjustment Bureau, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Kewal Malhotra, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Kohl's Corporation ("Kohl's") and Mercantile Adjustment Bureau, LLC ("MAB"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.     At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.     Kewal Malhotra is an individual who is a citizen of the State of New York in Nassau County, New York.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     On information and belief, Kohl's, is a Wisconsin Corporation with a principal place of business in Waukesha County, Wisconsin.

8.     On information and belief, MAB is a New York Limited Liability Company with a principal place of business in Erie County, New York.

9.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.    Defendants allege Plaintiff owes a certain debt ("the debt").

12.    The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.    Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

14.    Thereafter, Kohl's sent Plaintiff a collection letter dated December 11, 2015. (**Exhibit 1**).

15.    The letter states that the creditor to whom the debt is owed is Kohl's.

16.    The letter states that payment should be made to Kohl's.

17.    Thereafter, MAB sent Plaintiff a collection letter dated January 15, 2016. (**Exhibit 2**).

18.    The letter states that the current creditor is Capital One, N.A.

19.    The letter states that the original creditor is Capital One, N.A

20.    Plaintiff is unsure whether his creditor is Kohl's, as claimed by Kohl's, or Capital One, N.A, as claimed by MAB.

21.    If the debt is owed to Capital One, N.A., Kohl's is a debt collector as defined by 15 U.S.C. § 1692a(6).

22. If the debt is owed to Kohl's, MAB's collection letter is false.

23. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### AS TO DEFENDANT KOHL'S

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

26. The letter from Kohl's fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

27. Kohl's violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### AS TO DEFENDANT KOHL'S

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30. The letter from Kohl's fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31.     Kohl's violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### AS TO DEFENDANT KOHL'S

32.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33.     15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34.     The letter from Kohl's fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

35.     Kohl's violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed
### AS TO BOTH DEFENDANTS

36.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

39.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

41. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

42. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

43. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

44. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

45. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

46. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

47. The Kohl's letter states that the creditor to whom the debt is owed is Kohl's.

48. The Kohl's letter states that payment should be made to Kohl's.

49. The MAB letter states that the current creditor is Capital One, N.A.

50. The MAB letter states that the original creditor is Capital One, N.A

51. Based upon the letters from Defendants, Plaintiff is unsure whether his creditor is Kohl's, as claimed by Kohl's, or Capital One, N.A, as claimed by MAB.

52. Based upon the letters from Defendants, one of the letters, if not both, are false concerning the representation of the creditor to whom the debt is owed.

53. Defendants failed to explicitly state the name of the creditor to whom the debt is owed.

54. Defendants failed to clearly state the name of the creditor to whom the debt is owed.

55. The least sophisticated consumer would likely be confused as to the identity creditor to whom the debt is owed.

56. The least sophisticated consumer would likely be uncertain as to the identity of

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the creditor to whom the debt is owed.

57. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

58. Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

59. The least sophisticated consumer would likely be deceived by Defendant's conduct.

60. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

61. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

62. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a debt using the same unlawful practices described herein, from one year before the date of this Complaint to the present.

63. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

64. Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

65. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent to Plaintiff.

66. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

68. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant statutory damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: December 12, 2016

          **BARSHAY SANDERS, PLLC**

          By:  *s/ Craig B. Sanders*
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 111492